# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **SUSIE WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **2:07-cv-00321-WKW-TFM** |
| | ) | |
| **VIVA HEALTH INC.,** | ) | |
| **and RICKY CRAPP,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER OF DEFENDANT VIVA HEALTH INC.

Defendant VIVA Health Inc. ("VIVA Health") answers Plaintiff's Complaint as follows:

1.    VIVA Health is without sufficient information to admit or deny the allegations in paragraph 1 of the Complaint.

2.    VIVA admits that it is an Alabama corporation and that its principal place of business is in Birmingham, Alabama.

3.    VIVA Health admits that Ricky Crapp is a sales representative for VIVA Health. VIVA Health denies the remaining allegations in paragraph 3 of the Complaint.

4.     The allegations in paragraph 4 of the Complaint are directed at fictitious parties and, accordingly, VIVA Health is not required to respond to said allegations.

5.     VIVA Health admits that, in her Complaint, Plaintiff has attempted to plead state law claims.  VIVA Health further admits that Plaintiff's state law claims are preempted by the Medicare Prescription Drug, Improvement, and Modernization Act of 2003 ("MMA") (Pub. L. No. 108-173, 117 Stat. 2066 (codified in scattered sections of 42 U.S.C.)).  VIVA Health denies that the Alabama Rules of Civil Procedure apply in federal court.

6.     VIVA Health denies the allegations in paragraph 6 of the Complaint.

<u>FACTS</u>

7.     VIVA Health admits that it sent a mailing to Plaintiff regarding VIVA Medicare Plus Select ("VIVA Medicare") before Plaintiff enrolled in VIVA Medicare.  VIVA Health denies the remaining allegations in paragraph 7 of the Complaint.

8.     VIVA Health is without sufficient information to admit or deny the allegations in paragraph 8 of the Complaint.

9.     VIVA Health is without sufficient information to admit or deny the allegations in paragraph 9 of the Complaint.

10.    VIVA Health admits that, prior to her enrollment in VIVA Medicare, Plaintiff was enrolled in a PEEHIP program administered by Blue Cross and Blue Shield of Alabama.  Otherwise, VIVA Health is without sufficient information to admit or deny the allegations in paragraph 10 of the Complaint.

11.    VIVA Health is without sufficient information to admit or deny the allegations in paragraph 11 of the Complaint.

12.    VIVA Health admits that Plaintiff enrolled in the VIVA Health PEEHIP program.  Otherwise, VIVA Health denies the allegations in Paragraph 12 of the Complaint.

13.    VIVA Health denies the allegations in Paragraph 13 of the Complaint.

14.    VIVA Health is without sufficient information to admit or deny the allegations in paragraph 14 of the Complaint.

15.    VIVA Health admits that Plaintiff disenrolled from VIVA Medicare effective November 30, 2006.  VIVA Health denies the remaining allegations in paragraph 15 of the Complaint.

16.    VIVA Health denies the allegations in paragraph 16 of the Complaint.

17.    VIVA Health denies the allegations in paragraph 17 of the Complaint.

18.    VIVA Health denies the allegations in paragraph 18 of the Complaint.

19.    VIVA Health denies that Plaintiff is entitled to any judgment against VIVA Health and that Plaintiff is entitled to any damages against VIVA Health in

this action.  VIVA Health also denies any remaining allegations contained in paragraph 19 of the Complaint.

20.    VIVA Health denies that Plaintiff is entitled to any judgment against VIVA Health and that Plaintiff is entitled to any damages against VIVA Health in this action.  VIVA Health also denies any remaining allegations contained in paragraph 20 of the Complaint.

In response to the unnumbered paragraph following Paragraph 20 of the Complaint, VIVA Health denies that Plaintiff is entitled to any judgment against VIVA Health in this action.  VIVA Health also denies that Plaintiff is entitled to any damages against VIVA Health in this action.

## COUNT I: NEGLIGENT PROCUREMENT

21.    VIVA Health adopts and incorporates fully herein its response to Paragraphs 1-20 of the Complaint.

22.    VIVA Health denies the allegations in paragraph 22 of the Complaint.

23.    VIVA Health denies the allegations in paragraph 23 of the Complaint.

24.    VIVA Health denies the allegations in paragraph 24 of the Complaint.

25.    VIVA Health denies the allegations in paragraph 25 of the Complaint.

In response to the unnumbered paragraph following Paragraph 25 of the Complaint, VIVA Health denies that Plaintiff is entitled to any judgment against

VIVA Health in this action.  VIVA Health also denies that Plaintiff is entitled to any damages against VIVA Health in this action.

## COUNT II: NEGLIGENCE

26.    VIVA Health adopts and incorporates fully herein its response to Paragraphs 1-25 of the Complaint.

27.    VIVA Health denies the allegations in paragraph 27 of the Complaint.

28.    VIVA Health denies the allegations in paragraph 28 of the Complaint.

29.    VIVA Health denies the allegations in paragraph 29 of the Complaint.

In response to the unnumbered paragraph following Paragraph 29 of the Complaint, VIVA Health denies that Plaintiff is entitled to any judgment against VIVA Health in this action.  VIVA Health also denies that Plaintiff is entitled to any damages against VIVA Health in this action.

## COUNT III: WANTONNESS

30.    VIVA Health adopts and incorporates fully herein its response to Paragraphs 1-29 of the Complaint.

31.    VIVA Health denies the allegations in paragraph 31 of the Complaint.

32.    VIVA Health denies the allegations in paragraph 32 of the Complaint.

33.    VIVA Health denies the allegations in paragraph 33 of the Complaint.

34.    VIVA Health denies the allegations in paragraph 34 of the Complaint.

In response to the unnumbered paragraph following Paragraph 34 of the Complaint, VIVA Health denies that Plaintiff is entitled to any judgment against VIVA Health in this action. VIVA Health also denies that Plaintiff is entitled to any damages against VIVA Health in this action.

COUNT IV: OUTRAGE

35.    VIVA Health adopts and incorporates fully herein its response to Paragraphs 1-34 of the Complaint.

36.    VIVA Health denies the allegations in paragraph 36 of the Complaint.

37.    VIVA Health denies the allegations in paragraph 37 of the Complaint.

38.    VIVA Health denies the allegations in paragraph 38 of the Complaint.

39.    VIVA Health denies the allegations in paragraph 39 of the Complaint.

In response to the unnumbered paragraph following Paragraph 39 of the Complaint, VIVA Health denies that Plaintiff is entitled to any judgment against VIVA Health in this action. VIVA Health also denies that Plaintiff is entitled to any damages against VIVA Health in this action.

COUNT V: BREACH OF CONTRACT

40.    VIVA Health adopts and incorporates fully herein its response to Paragraphs 1-39 of the Complaint.

41.    VIVA Health admits that Plaintiff enrolled in VIVA Medicare and disenrolled from VIVA Medicare effective November 30, 2006.  VIVA Health denies the remaining allegations contained in paragraph 41 of the Complaint.

42.    VIVA Health denies the allegations in paragraph 42 of the Complaint.

43.    VIVA Health denies the allegations in paragraph 43 of the Complaint.

In response to the unnumbered paragraph following Paragraph 43 of the Complaint, VIVA Health denies that Plaintiff is entitled to any judgment against VIVA Health in this action.  VIVA Health also denies that Plaintiff is entitled to any damages against VIVA Health in this action.

<u>COUNT VI: NEGLIGENT HIRING, TRAINING, AND SUPERVISION</u>

44.    VIVA Health adopts and incorporates fully herein its response to Paragraphs 1-43 of the Complaint.

45.    VIVA Health denies the allegations in paragraph 45 of the Complaint.

46.    VIVA Health denies the allegations in paragraph 46 of the Complaint.

47.    VIVA Health denies the allegations in paragraph 47 of the Complaint.

In response to the unnumbered paragraph following Paragraph 47 of the Complaint, VIVA Health denies that Plaintiff is entitled to any judgment against VIVA Health in this action.  VIVA Health also denies that Plaintiff is entitled to any damages against VIVA Health in this action.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against VIVA Health upon which relief can be granted.

### SECOND DEFENSE

VIVA Health denies that Plaintiff is entitled to compensatory, punitive, or extra-contractual damages in this action.

### THIRD DEFENSE

Plaintiff's state law claims are preempted by the Medicare Prescription Drug, Improvement, and Modernization Act of 2003 ("MMA") (Pub. L. No. 108-173, 117 Stat. 2066 (codified in scattered sections of 42 U.S.C.)), 42 U.S.C. § 1395w-26(b)(3), and 42 C.F.R. § 422.402.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of payment.

### SEVENTH DEFENSE

Plaintiff has not exhausted the administrative remedies required by federal law.

### EIGHTH DEFENSE

Plaintiff has failed to meet all conditions precedent.

### NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence.

### TENTH DEFENSE

VIVA Health contests the injuries and damages alleged in Plaintiff's Complaint and therefore demands strict proof of any alleged injury or damage.

### ELEVENTH DEFENSE

VIVA Health states that it is not indebted or liable to the Plaintiff in any manner or for any amount whatsoever.

### TWELFTH DEFENSE

Plaintiff has not been damaged by any conduct on the part of VIVA Health.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of illegality.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred by impossibility.

## FIFTEENTH DEFENSE

To the extent Plaintiff makes a claim for punitive damages against VIVA Health in this action:

1.      No act or omission of VIVA Health was malicious, willful, wanton, outrageous, or attended by actual malice, and Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive damages.

2.      Any claim for punitive damages against VIVA Health would violate its rights under the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the Constitution of the United States and under Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Alabama Constitution.

3.      Plaintiff cannot recover punitive damages against VIVA Health because such an award, which is penal in nature, would violate VIVA Health's constitutional rights under the Alabama Constitution and the United States Constitution unless VIVA Health is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

4.      The imposition of punitive damages against VIVA Health in this case would violate the rights of VIVA Health under the Due Process Clause of the

Fourteenth Amendment to the United States Constitution, the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, and the prohibition against cruel and unusual punishment and excessive fines under the Eighth Amendment to the United States Constitution.

5.    Any punitive damages sought against VIVA Health would be in excess of comparable maximums established for criminal fines by the Alabama legislature in Alabama Code §§ 13A-5-11 and 13A-5-12, jointly and separately.

6.    VIVA Health pleads the constitutional limitations set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Insurance Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (Apr. 7, 2003), *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), and *Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001), since the determination as to the amount or proper circumstances for an award of punitive damages without consideration of these limitations would deny VIVA Health due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Alabama Constitution.

7.    Subjecting VIVA Health to punitive damages, or affirming an award of punitive damages against VIVA Health in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the

Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 6 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)    any award of punitive damages against VIVA Health under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of proof beyond a reasonable doubt;

(b)    there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and, unless such awards are subject to predetermined limits, such awards cannot pass constitutional muster;

(c)    use of the Alabama Pattern Jury Instruction 11.03 or any equivalent in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages;

(d)    any punitive damages award would not be subject to post trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

(e)    the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages awarded under the statutory cap is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

(f)    under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and a defendant's alleged wrongful or culpable conduct;

(g)    under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(h)    under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as it relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

(i)    an award of punitive damages may be assessed against VIVA Health for unauthorized acts of its agent or agents without any additional requirement of knowledge or fault on the part of VIVA Health;

(j)    an award of punitive damages may be assessed against VIVA Health vicariously as a principal without any further proof of independent, wrongful conduct or ratification by VIVA Health;

(k)    Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(l)    under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

(m)    the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against VIVA Health;

(n)    the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(o)    the procedures pursuant to which punitive damages are awarded fail to provide a clear post trial or appellate standard of review for an award of punitive damages;

(p)    the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(q)    an award of punitive damages would constitute an arbitrary and capricious taking of property of VIVA Health without due process of law.

8.    Any imposition of punitive damages in this case against VIVA Health would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

9.    To award punitive damages against VIVA Health in this case would have a chilling effect upon its rights to open access to the courts in this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

10.    Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, VIVA Health is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, sections 1, 6, and 22 of the Alabama Constitution, separately and severally.

11.    In the event, and to the extent that, the award of punitive damages, or the amount of the award of punitive damages under Alabama practice and procedure, is deemed to be governed by § 6-11-20, Alabama Code 1975, then, and to that extent, said section violates the Alabama Constitution and the United States

Constitution, separately and severally, based upon the grounds enumerated and set forth in the foregoing paragraphs.

12.    Any demand for punitive damages in the instant case would be subject to those limitations established by the Alabama Legislature and set forth in § 6-11-21, Code of Alabama, as amended in 1999 (Act. No. 99-358).  VIVA Health adopts by reference the defenses, criteria, limitations and standards mandated by this Alabama statute.

13.    The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional.  Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature as to punitive damages.  *See Honda Motor Co. v. Oberg*, 512 U.S. 415, 431 n.9 (1994).

14.    VIVA Health adopts the terms of any applicable legislative act or Alabama or United States Supreme Court decision which now or hereafter precludes punitive damages or limits the amount of punitive damages which can be recovered in an action at law in Alabama.

## SIXTEENTH DEFENSE

At the time of filing of this Answer, discovery has not yet begun. VIVA Health reserves the right to amend its Answer with such other and further defenses as may be warranted based on information learned through discovery.

WHEREFORE, premises considered, VIVA Health requests judgment in its favor, including fees and costs.

s/James S. Christie
James S. Christie, Jr. (CHR011)

s/Amelia T. Driscoll
Amelia T. Driscoll (DRI016)
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jchristie@bradleyarant.com
adriscoll@bradleyarant.com

Attorneys for Defendant
VIVA Health Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> L. Cooper Rutland, Jr.
> Rutland Law Firm, L.L.C.
> 208 North Prairie Street
> Post Office Box 551
> Union Springs, Alabama  36089
> 334-738-4770
> lcrj@ustconline.net

and that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> None.

     s/ James S. Christie, Jr.    
One of the Attorneys for Defendant
