IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SUSIE WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| VIVA HEALTH INC., | ) 2:07-cv-00321-WKW-TFM |
| and RICKY CRAPP, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT VIVA HEALTH INC.'S PROPOSED
REPORT OF PARTIES' PLANNING MEETING**

1. **Appearances:** The parties' representatives have not yet conducted the Planning Meeting required under Federal Rule of Civil Procedure 26(f), due to Plaintiff's objection to conducting the meeting before the Court rules on Plaintiff's pending Motion to Remand (Doc. 4).

    a. **Defendant's Position:** Federal Rules of Civil Procedure 26(f) and 16(b) require the parties to file a Party Planning Report ("PPR") on or before July 5, 2007.

        i. Under Rule 26(f), the parties must conduct a Party Planning Meeting ("PPM") "at least 21 days before . . . a scheduling order is due under Rule 16(b) . . . ." FED. R. CIV. P. 26(f).

        ii. Under Rule 16(b), a scheduling order is due "within 90 days after the appearance of a defendant . . . ." FED. R. CIV. P. 16(b).

        iii. Defendant VIVA Health Inc. ("VIVA Health") appeared in this case on April 13, 2007, when it filed its Answer (Doc. 1).

      iv. Ninety days from April 13, 2007, is July 12, 2007.

      v. Twenty-one days before July 12, 2007 is June 21, 2007. Accordingly, per Rules 26(f) and 16(b), the parties are required to conduct a PPM on or before June 21, 2007.

      vi. Under Rule 26(f), the parties must file a PPR within fourteen days of the PPM. In this case, that means a PPR must be filed by July 5, 2007.

      vii. Through counsel, VIVA Health contacted Plaintiff concerning holding a Party Planning Meeting. Plaintiff objected to conducting the Rule 26(f) meeting before the Court rules on Plaintiff's pending Motion to Remand (Doc. 4).

  b. **Plaintiff's Position:** Plaintiff has objected to conducting the Rule 26(f) meeting before the Court rules on Plaintiff's pending Motion to Remand (Doc. 4).

Because VIVA Health believes a Rule 26(f) Party Planning Meeting is required, VIVA Health submits the following proposed Party Planning Report:

    2.    **Initial Disclosures:** The parties are to exchange by July 27, 2007, the information required by Federal Rule of Civil Procedure 26(a)(1).

    3.    **Discovery Plan:** VIVA Health proposes the following discovery plan, which is essentially the same as other plaintiffs have agreed to in other actions with similar types of claims:

Discovery will be needed regarding the allegations contained in Plaintiff's Complaint and the affirmative defenses asserted in VIVA Health's Answer.

Disclosure or discovery of electronically stored information ("ESI") should be handled as follows: Relevant and non-privileged ESI is to be produced by the parties in either PDF or hardcopy format, to enable the parties to exchange discoverable information without undue burden or costs. A requesting party may obtain relevant and non-privileged ESI in a format other than PDF or hardcopy only upon agreement by the parties or a showing of substantial need to the Court for such ESI in the other format.

As to any issues relating to claims of privilege or of protection as trial-preparation material asserted after production, the parties have agreed not to request any proposed order at this time.

Unless modified by stipulation of the parties, the parties propose the following discovery schedule:

    a. **Depositions:** A party may not exceed five (5) non-party, non-expert witness depositions, with a maximum time limit of seven (7) hours per deposition, including the depositions of parties, unless such time limit is extended by agreement of the parties.

    b. **Interrogatories:** Maximum of 30 by each party, with responses due within 30 days after service.

    c. **Requests for Admission:** Maximum of 30 by each party, with responses due within 30 days after service.

    d. **Requests for Production:** Maximum of 30 by each party, with responses due within 30 days after service.

    e. **Supplementation:** Under Federal Rule of Civil Procedure 26(e), supplementations to responses should be made within 30 days of

learning of the need to supplement; in no event should supplementation be made later than December 3, 2007.

    f. **Expert Testimony:** Unless modified by stipulation of the parties, the disclosure of expert witnesses – including a complete report under Federal Rule of Civil Procedure 26(a)(2)(B) from any specially retained or employed expert – are due:
        i. From Plaintiff:    November 2, 2007
        ii. From VIVA Health:    December 3, 2007.

    g. Unless modified by court order for good cause shown, all discovery must be commenced in time to be completed by April 18, 2008.

4. **Other Items.**

    a. Defendant Ricky Crapp has not been served.

    b. The parties do not request a conference with the Court before entry of the scheduling order.

    c. The parties request a pretrial conference in May 2008.

    d. Plaintiff should be allowed until October 31, 2007, to join additional parties and to amend the pleadings.

    e. VIVA Health should be allowed until November 30, 2007, to join additional parties and to amend the pleadings.

    f. All potentially dispositive motions should be filed by February 15, 2008.

    g. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from Plaintiff and VIVA Health by 45 days before trial.

    h. Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    i. The case should be ready for trial by June 2008, and at this time is expected to take approximately 2 days.

**Dated:** June 26, 2007

/s/ Amelia T. Driscoll
James S. Christie, Jr. (CHR011)
Amelia T. Driscoll (DRI016)
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jchristie@bradleyarant.com
adriscoll@bradleyarant.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> L. Cooper Rutland, Jr.
> Rutland Law Firm, L.L.C.
> 208 North Prairie Street
> Post Office Box 551
> Union Springs, Alabama 36089
> 334-738-4770
> lcrj@ustconline.net

and that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> None.

s/ Amelia T. Driscoll
One of the Attorneys for Defendant