IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHEN DIVISION

| | | |
|---|---|---|
| SUSIE WILLIAMS, | ) | |
| Plaintiff, | ) | |
| vs. | ) ) | Civil Action No. 2:07-CV-00321-WKW-TFM |
| VIVA HEALTH INC., et al., | ) | |
| Defendants, | ) | |

**OBJECTION TO DEFENDANT VIVA HEALTH'S
NOTICE OF ADDITIONAL AUTHORITY**

Comes now the plaintiff, Susie Williams, and respectfully objects to Defendant, Viva Health's, request that the Court consider the opinion from *Dial v Healthsprings of Alabama Inc., CV 2:07-04 12-KD-C, in* the US District Court for the Southern District of Alabama as "persuasive" authority. As grounds for said objection plaintiff offers the following:

1. Defendants admit that the facts and claims made in *Dial vs. Healthsprings* are different from those in the present action.

2. The Court's primary focus in denying remand in the *Dial* case deal with issues of "benefits and coverages provided" (See page 19 of Defendant Motion). Plaintiff, Susie Williams, has no claims regarding the failure to pay benefits by Defendant.

3. The Federal Court in *Dial vs. Healthsprings* has totally ignored the Supreme Court's holdings in *Met-Life vs. Taylor* and *Beneficial National Bank vs Anderson* regarding "complete preemption" and reaches the conclusion that because the MMA has some administrative remedies

for failure to pay benefits that Congress has intended their to be a complete preemption of the field regarding Medicare Advantage Plans. This analysis is flawed. The court even admits in the order that there are claims that are not cover by the MMA but retains supplemental jurisdiction over those claims as well (See page 15 and 16 of Defendant Motion).

4. In their Memorandum of Law in support of their Response to Plaintiffs' Motion to Remand, the Defendants spend most of their time arguing that the Medicare Act, through the CMS, sets forth marketing guidelines related to the sale of Medicare Advantage Plans; and that because the Plaintiffs' claims are related to the sale and marketing of the VIVA plan, the Plaintiffs' state law claims are completely preempted by the Medicare Act, as amended in 2003 by the Medicare Modernization Act ("MMA"). The Defendants' enormous leap from "relatedness" to "complete preemption," however, is totally unsupported by the law. The fact remains that despite all of the marketing standards for Medicare Advantage plans set out and regulated by the MMA, there must be a showing that the MMA was meant to displace state law claims with a private right of action. The Court, in *Dial* and the Defendants here have wholly failed to make this showing.

Absent from the Court's order is any legitimate discussion about the critical second and third prongs of the preemption test set out in *Metropolitan Life Ins. Co. v Taylor*, 481 U.S. 58, 107 S.Ct. 1542 (1987), which requires the federal law to "displace" the state law claim with a cause of action, mush like ERISA and the LMRA. The reason for the lack of any legal discussion or authority in the order is simple. The MMA does not displace state law claims with a private right of action, a fact that is clear from the Act's own statutory language, which will be discussed, *infra*.

As set out in detail in the Plaintiffs' original brief, according to the United States District Court for the Middle District of Alabama's analysis of *Taylor*, three factors have been identified in determining whether complete preemption exists. First is the intent of Congress [See *M.P. Means*

*v The Independent Life and Accident Ins. Co.*, 963 F.Supp. 1131, 1133 (M.D. Ala. 1977)(citations omitted)]. Second, "it is not sufficient that the federal law preempt the state law claim; the federal law must also 'displace' the state law claim with a cause of action. Third, the jurisdictional and enforcement provisions of ERISA and the LMRA must have a close parallel in the federal law at issue." *Id.* (Citations omitted). Accordingly, given the lack of clear intent on the part of Congress for the Medicare Act to completely preempt any state law causes of action, one must also turn to "displacement" and an analysis of the civil enforcement schemes set out in ERISA and the LMRA to determine if complete preemption exists here.

An analysis of the language of the statutory provisions of the MMA, 42 C.F.R. §422.560-422.612, which the Court cites in support of its preemption order, compared to the civil enforcement schemes set out in ERISA, 29 U.S.C. §1132(a), and the LMRA, 29 U.S.C. §185, reveals that Congress did not create a federal civil enforcement scheme allowing for a cause of action that consumers can use to pursue their private rights against the HMO. A detailed examination of these statutory provisions shows that ERISA and the LMRA contain civil enforcement provisions expressly authorizing ERISA beneficiaries to bring actions to recover benefits under an ERISA plan and workers to bring actions to recover against labor organizations, respectively. In contract, the MMA does not create an exclusive, federal cause of action vindicating a beneficiary's interest.

ERISA and the LMRA provide exclusive causes of action for the claim asserted and also set forth procedures and remedies governing that cause of action. Section 1132 of ERISA empowers a beneficiary to bring a civil action for relief against the plan provider. 29 U.S.C. §1132(a). There are mechanisms established for jurisdiction in federal court, removal to federal court and service of process. *Id.* at (e) and (h). ERISA also establishes mechanisms for the litigant to seek monetary awards, attorney fees, and awards for costs of action. *Id* at (c) through (g). Likewise, the LMRA

establishes precisely the same mechanisms for rights of action for civil suits against labor organizations. 29U.S.C. §185.

There are no similar provisions in the MMA creating a cause of action that a Medicare Advantage enrollee can use to pursue their private claims against the HMO. The Court cites 42 C.F.R.§§422.560-422.612, and expounds that the Plaintiffs have administrative/grievance processes available to them. (Defendants' Motion Page 14 & 15). A close examination of this vast grievance and procedure process reveals, however, that there is no civil enforcement provision whatsoever, much less one that parallels those under ERISA and the LMRA, as noted above. There is not a single provision allowing for the exclusive causes of action for claims asserted by an enrollee against the HMO like those under ERISA or the LMRA. Nor is there a single provision setting forth procedures and remedies governing that cause of action. Moreover, there is not a provision allowing for a private cause of action against the agent of the HMO who fraudulently misrepresented the Medicare Advantage plan. Consequently, in the removal context, the absence of any express remedial provision like those of ERISA and the LMRA defeats any complete preemption argument.

The above conclusion is consistent with federal precedent. See *M.P. Means v Independent Life and Accident Ins. Co.*, 963 F.Supp. 1131 (M.D. Ala. 1997) (holding that, under the second and third prong of the *Taylor* preemption analysis, HIPPA did not preempt the Plaintiffs' state law claims because there was no evidence of a federal cause of action and jurisdictional grant of power like those found in ERISA and the LMRA); see *also Nott v Aetna*, 303 F.Supp.2nd 565 (E.D. Penn. 2004)(holding that because the Medicare Act did not create an explicit or implied private right of action in federal court for HMOs to enforce their subrogation rights, there was no preemption by the Medicare Act); *Collins v Baxter Healthcare Corp.*, 949 F.Supp. 1143 (D.N.J. 1996)(holding that even though the Plaintiffs' claims were related to the Medicare Device Amendments Act, the Act

did not preempt the state law claims because the federal statute did not provide a private right of action).

It is worth mentioning that the Defendants have never asserted that the MMA has the same civil enforcement scheme as that of ERISA or the LMRA. That is, the Defendants do not claim that the Medicare Act displaces a private right of action. The Defendants only argue that the Plaintiffs have the opportunity to obtain a "remedy" from VIVA through the administrative processes available under the MMA.

To conclude, in the context of preemption, it is not sufficient that the MMA establishes standards in the marketing and selling of Medicare Advantage plans that relate to the Plaintiffs' state law claims. It is also not sufficient that the MMA has some procedures and administrative processes in place for an enrollee to seek a remedy in certain situations. There must be a showing of clear Congressional intent for complete preemption; a clear showing of complete displacement of state law claims like those of ERISA and the LMRA; and a clear showing of a civil enforcement and jurisdictional scheme like those of ERISA and the LMRA. <u>All</u> of these factors must be met for there to be complete preemption. Even if one assumes that Congress intended for complete preemption (which it did not), there must be evidence of the second and third prong of the preemption analysis. That is, there must be evidence that the MMA has a civil enforcement scheme that parallels that of ERISA and LMRA. The Court in *Dial* has completely ignored US Supreme Court precedent and as such should not be admitted for consideration.

Accordingly, Plaintiff respectfully requests this Honorable Court ignore the unpersuasive order offered by Defendant and remand this case to the Circuit Court for Bullock County, Alabama. Plaintiff renews its request for attorney fees and cost associated with this remand.

                                        /s/ L. Cooper Rutland, Jr.
                                        L. Cooper Rutland, Jr. (RUT 010)
                                        Attorney for Plaintiff

OF COUNSEL:

Rutland Law, LLC
P.O. Box 551
Union Springs, Alabama 36089
Phone: 334-738-4770
FAX: 334-738-4774
lcrj@ustconline.net

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SUSIE WILLIAMS, | ) | |
| Plaintiff, | ) | |
| vs | ) | 2:07-CV-00321-WKW-TFM |
| VIVA HEALTH, INC. and RICKY CRAPP | ) ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on the __14th__ day of __August__ 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

James S. Christie, Jr. Esq.
Amelia T. Driscoll, Esq.
Bradley Arant Rose & White LLP
1819 Fifty Avenue North
Birmingham, AL 35203-2104

　　　　　　　　　　　　　　　　　　　　/s/ L. Cooper Rutland, Jr.
　　　　　　　　　　　　　　　　　　　　L. Cooper Rutland, Jr.  (RUT010)
　　　　　　　　　　　　　　　　　　　　Rutland Law LLC
　　　　　　　　　　　　　　　　　　　　208 North Prairie Street
　　　　　　　　　　　　　　　　　　　　Post Office Box 551
　　　　　　　　　　　　　　　　　　　　Union Springs, Alabama 36089