IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SUSIE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| VIVA HEALTH INC., ) | 2:07-cv-00321-WKW-TFM |
| and RICKY CRAPP, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT VIVA HEALTH INC.'S RESPONSE
TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

Defendant VIVA Health Inc. ("VIVA") hereby responds to Plaintiff's Notice of Supplemental Authority in Support of Plaintiff's Motion to Remand ("Plaintiff's Notice") (Doc. 16). The holding in *Harris v. PacifiCare Life & Health Insurance Co.*, 2007 WL 2846477 (M.D. Ala. Sept. 28, 2007), does not apply to Plaintiff's claims in this action. Accordingly, Plaintiff's Motion to Remand (Doc. 4) is due to be denied.

**I.     PLAINTIFF'S PRIMARY CLAIM GIVES RISE TO FEDERAL QUESTION JURISDICTION.**

Plaintiff's primary claim in this action is that VIVA had a legal duty under Alabama law to discourage (prevent?) Plaintiff from enrolling with VIVA because her diabetic condition indicated a need for substantial future prescriptions beyond

1/1624671.3

VIVA's $3,000 prescription benefit limitation. Compl. at ¶¶ 12-25.[1]  Assuming *arguendo* that such a duty exists under Alabama law, that duty would conflict with federal laws that explicitly prohibit VIVA from limiting enrollment in its Medicare Advantage plan "on the basis of any factor that is related to health status." *See* Def. VIVA Health Inc.'s Resp. to Pl.'s Mot. to Remand at 7-9 (Doc. 6) ("VIVA's Response to Remand").

As VIVA explained in VIVA's Response to Remand, Plaintiff's claim that VIVA had a legal duty to discourage Plaintiff from enrolling in VIVA's Medicare Advantage plan gives rise to federal question jurisdiction because a substantial disputed area of federal law is a necessary element of that claim. *Id.* at 21-25. As the United States Supreme Court recently made clear, the dispositive question for federal question jurisdiction based on an embedded federal issue is whether the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).  Plaintiff's primary claim presents just such a federal issue – namely, whether VIVA can be liable to Plaintiff under state law for not discouraging her

---

[1] Plaintiff argues that her claim is only for "negligent procurement." Pl. Susie Williams' Reply to Def. VIVA Health Inc.'s Resp. to Pl.'s Mot. to Remand at 2-3 (Doc. 7). "Procurement" implies that VIVA was buying health coverage for Plaintiff. Without dispute, VIVA was not buying anything for Plaintiff. Instead, VIVA enrolled Plaintiff with VIVA's Medicare Advantage plan.

from enrolling with VIVA when such health screening is prohibited by federal law. *See* VIVA's Response to Remand at 23-25 (discussing the federal and state interests involved).

The plaintiffs' state law claims in *Harris* were not based on any alleged state law duty that would require the defendants to violate federal law or be liable under state law. The opinion in *Harris* does not cite *Grable & Sons*, or discuss the issues raised in that Supreme Court opinion. Accordingly, *Harris* does not change the fact that this Court has federal question jurisdiction with respect to Plaintiff's health screening claim and that Plaintiff's Motion to Remand should be denied.

## II.  PLAINTIFF'S CLAIMS FOR MEDICARE BENEFITS ARE COMPLETELY PREEMPTED.

In her Complaint, Plaintiff alleged claims for Medicare benefits. Compl. at ¶¶ 13, 19 (alleging that VIVA "would not pay for syringes" and seeking "damages to compensate for expenses she otherwise would not have incurred" but for VIVA's allegedly improperly enrolling her in VIVA's Medicare Advantage plan).[2] As VIVA noted in VIVA's Response to Remand, Plaintiff's bald contention in her Motion to Remand that she "has no claim for Medicare benefits" is hopelessly inconsistent with the syringe and expense-based allegations in her Complaint. VIVA's Response to Remand at 16.

---

[2] VIVA denies that any claims for syringes or other expenses have not been paid.

As explained in VIVA's Response to Remand at 16-18, Plaintiff's claims for Medicare benefits are completely preempted by federal law. To reiterate here, § 405(g) of the Social Security Act provides the exclusive avenue for judicial review of all claims for Medicare benefits. *Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984); *see* 42 U.S.C. § 1395ii (incorporating § 405(g) of the Social Security Act into the Medicare Act). Specifically, § 405(g) authorizes a claimant to bring a civil action to challenge a "final decision"[3] rendered on his or her Medicare claim. 42 U.S.C. § 405(g). Congress has clearly expressed its intention that the federal judiciary is to have exclusive jurisdiction over any civil action filed pursuant to § 405(g), including any action for claims arising under Part C of the Medicare Act. *Id.* (confirming that the § 405(g) civil "action **shall** be brought in [a] district court of the United States") (emphasis added); 42 U.S.C. 1395w-22(g)(5) ("An enrollee with a Medicare + Choice plan of a Medicare + Choice organization . . . shall . . . be entitled to judicial review of the Secretary's final decision as provided in section 405(g) of this title.").[4]

---

[3] Like with ERISA claims, a Medicare claim requires exhaustion of administrative remedies before filing suit. *Heckler*, 466 U.S. at 606 ("[A] 'final decision' is rendered on a Medicare claim only after the claimant has pressed the claim through all designated levels of administrative review.").

[4] Part C of the Medicare Act governs Medicare Advantage plans like the VIVA Medicare Advantage plan at issue here. 42 U.S.C. § 1395w-21 *et seq.*; *see* Dep't of Health & Human Services, Centers for Medicare & Medicaid Services, *Medicare Program; Establishment of the Medicare Advantage Program*, 70 Fed. Reg. 4588-01, 4588 (Jan. 28, 2005) (codified at 42 C.F.R. pts 417 & 422) (changing the name of Part C's Medicare managed care program from "Medicare + Choice" to "Medicare Advantage").

In *Harris*, the plaintiffs did not allege the same claims that Plaintiff has alleged in this action.  The *Harris* court held that complete preemption did not constitute an adequate ground for removal of the plaintiffs' fraud-based state law claims because the defendants did not demonstrate "that 42 U.S.C. § 1395w-26(b)(3) 'provide[d] the exclusive cause of action' for the wrongful conduct alleged by Plaintiffs or 'set[] forth procedures and remedies governing' Plaintiffs' causes of action . . . ."  *Harris*, 2007 WL 2846477, at *12 (citations omitted). *Harris* did not, however, address whether a plaintiff's claim for Medicare benefits would be completely preempted by § 405(g) and did not even cite § 405(g), *Heckler v. Ringer*, or any other case interpreting § 405(g).  Therefore, *Harris* is inapposite here.[5]

### III.  CONCLUSION

Plaintiff's primary claim is not the type of claim that was at issue in *Harris* nor were the *Harris* plaintiffs' state law claims based on an alleged state law duty that would have require the defendants to violate federal law.  Likewise, *Harris* did not address whether a claim for Medicare benefits is completely preempted under § 405(g).  Accordingly, *Harris* is inapposite here and nothing in that decision

---

[5] Note that the United States District Court for the Southern District of Alabama in *Dial v. HealthSpring of Alabama, Inc.* did speak to the preemption of a plaintiff's claims for Medicare benefits, making clear that "claims regarding [Medicare] coverage determinations . . . **would be preempted**."  2007 WL 2317783, at *3 (S.D. Ala. Aug. 9, 2007) (emphasis supplied).

changes the fact that this Court has federal question subject matter jurisdiction over this action.

/s/ James S. Christie, Jr.
James S. Christie, Jr. (CHR011)
Amelia T. Driscoll (DRI016)
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

Attorneys for Defendant
VIVA Health Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

L. Cooper Rutland, Jr.
Rutland Law Firm, L.L.C.
208 North Prairie Street
Post Office Box 551
Union Springs, Alabama  36089
334-738-4770
lcrj@ustconline.net

and hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None

/s/ James S. Christie, Jr.
One of the Attorneys for
Defendant VIVA Health, Inc.