# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **SUSIE WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | |
| **VIVA HEALTH INC.,** | ) | **2:07-cv-00321-WKW-TFM** |
| **and RICKY CRAPP,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT VIVA HEALTH INC.'S RESPONSE
## TO PLAINTIFF'S NOTICE OF ADDITIONAL SUPPLEMENTAL
## AUTHORITY IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

Defendant VIVA Health Inc. ("VIVA") hereby responds to Plaintiff's Notice of Additional Supplemental Authority in Support of Plaintiffs' [sic] Motion to Remand ("Plaintiff's Notice") (Doc. 18), which attaches as Exhibit A an order from *Nathaniel Bolden, et al. v. HealthSpring of Alabama, Inc., et al.*, Civil Action No. CV-07-0413-CG-B, and *Cloran Acoff, et al. v. HealthSpring of Alabama, Inc., et al.*, Civil Action No. CV-07-0414-CG-M (S.D. Ala. Oct. 2, 2007) (hereinafter the "*Bolden* Order"). The *Bolden* Order (1) does not discuss federal removal jurisdiction under *Grable & Sons* and (2) either does not discuss complete preemption under § 405(g) or is incorrect as to § 405(g) complete preemption. Accordingly, Plaintiff's Motion to Remand (Doc. 4) is due to be denied.

1/1626715.1

## I.    REMOVAL UNDER *GRABLE & SONS*

VIVA removed this action on two grounds, one of which was that Plaintiff's primary state-law claim – alleging that VIVA had a duty to discourage or prevent Plaintiff from enrolling with VIVA despite federal law prohibiting such health screening – "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see* Notice of Removal (Doc. 2) at ¶¶ 21-24 (asserting this removal ground); *see, e.g., West Virginia ex rel. McGraw v. Eli Lilly & Co.*, 476 F. Supp. 2d 230, 234 (E.D.N.Y. 2007) (following *Grable & Sons* and denying the plaintiff's motion to remand because the plaintiff's state law claims "pose[d] substantial and disputed federal issues sufficient to confer federal question jurisdiction").

In Plaintiff's Notice, Plaintiff again did not address federal jurisdiction under *Grable & Sons*.  In the *Bolden* Order, which Plaintiff attached to Plaintiff's Notice, the court did not cite *Grable & Sons* or otherwise address the removal ground discussed in that opinion.  In *Bolden*, the plaintiffs' state law claims were not based on an alleged state law duty that would require a Medicare Advantage plan to violate federal law.  Accordingly, the *Bolden* Order does not speak to this Court's federal jurisdiction with respect to Plaintiff's primary state law claim.

## II.    REMOVAL UNDER § 405(g) COMPLETE PREEMPTION

The second ground upon which VIVA removed this action is that Plaintiff alleges claims for Medicare benefits.  Compl. (Doc. 1) at ¶¶ 13, 19; *see* Notice of Removal at ¶¶ 18-20 (asserting this removal ground).   In contrast, the *Bolden* plaintiffs apparently did not allege a claim for Medicare benefits.  *See Bolden* Order at 4 (listing the plaintiffs' claims).

In Plaintiff's Notice at ¶ 1, Plaintiff argues that the court in the *Bolden* Order "reject[ed] the arguments regarding 42 U.S.C. § 405(g) and (h) of the Social Security Act (see Footnote 11 and page 13 of the above referenced Order.)." Plaintiff's suggestion notwithstanding, the *Bolden* Order's "Footnote 11 [on pages 8 and 9] and page 13" analyze § 405(h) and only cite § 405(g) in recognizing that "a claim for Medicare benefits" is "subject to the exhaustion requirements of 42 U.S.C. §405(g)."  *Bolden* Order at 9, n. 11.

Here, VIVA relies on § 405(g) as providing Medicare's exclusive judicial remedy and requiring that claims for Medicare benefits "shall be brought" in federal court.  *Cf. Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000) ("Section 405(h) purports to make exclusive the judicial review method set forth in § 405(g).").  Accordingly, *Bolden* is either inapposite or incorrect.

As the Supreme Court has held, "§ 405(g) is the only avenue for judicial review of . . . claims for [Medicare] benefits . . . ."  *Heckler v. Ringer*, 466 U.S.

602, 617 (1984); *see* 42 U.S.C. § 1395ii (incorporating § 405(g) of the Social Security Act into the Medicare Act). Specifically, § 405(g) authorizes a claimant such as Plaintiff to bring a civil action to challenge a "final decision" on a Medicare claim. 42 U.S.C. § 405(g). Congress clearly intended that the federal judiciary is to have exclusive jurisdiction over any action filed pursuant to § 405(g). *Id.* (requiring that a § 405(g) civil "action **shall** be brought in [a] district court of the United States") (emphasis added).

Moreover, § 405(g) is the exclusive judicial remedy for benefit claims arising under Part C of the Medicare Act. 42 U.S.C. 1395w-22(g)(5) ("An enrollee with a Medicare [Advantage plan] . . . shall . . . be entitled to judicial review of the Secretary's final decision as provided in section 405(g) of this title."); *see Shalala*, 529 U.S. at 10 (the requirement that § 405(g) be the exclusive judicial remedy "clearly appl[ies] in a typical . . . Medicare benefits case[] where an individual seeks a monetary benefit"). In other words, Congress intended for (and made) § 405(g) to be the exclusive judicial review procedure for claims for benefits against Medicare Advantage plans like those Plaintiff alleges against VIVA.

The Medicare mandated "Complaint" procedure for Medicare Advantage plans confirms Congress's intent that § 405(g) completely preempt state law claims for Medicare benefits. A Medicare member with a claim for Medicare benefits must exhaust administrative remedies before filing suit. *Heckler*, 466 U.S. at 606

("[A] 'final decision' is rendered on a Medicare claim only after the individual claimant has pressed his claim through all designated levels of administrative review."); *see Shalala*, 529 U.S. at 15 (stating that "§ 405(g) contains the nonwaivable and nonexcusable requirement that an individual present a claim to the agency before raising it in court"). For VIVA Medicare members, the Evidence of Coverage describes the required six step Complaint procedure. *See* Aff. of Latrina Hicks (Ex. 2 to Notice of Removal (Doc. 2)) at Ex. A ("Evidence of Coverage"), pp. 52-73 (summarizing the Complaint procedure). CMS mandates this six step administrative procedure for all Medicare Advantage plans. Medicare Managed Care Manual, Chap. 13 ("Medicare Managed Care Grievances, Organization Determinations, and Appeals Applicable to Medicare Advantage Plans") (available at http://www.cms.hhs.gov/manuals/downloads/mc86c13.pdf); *see* 42 C.F.R. § 422.662(b) (setting forth a Medicare member's rights to submit a Complaint through the six step administrative procedure).

The six steps breakdown as follows: The first and second steps are with VIVA, the third step is with "an independent review organization that has a contract with the ***federal government*** and is not part of VIVA[,]" the fourth step is before an "Administrative Law Judge [who] works for the ***federal government***[,]" the fifth step is before "a Medicare Appeals Council . . . [that] is part of the ***federal department that runs the Medicare program***," and the sixth step is to "a ***Federal***

*Court*" per § 405(g).  Evidence of Coverage at 54-55 (summary of six steps) (emphasis added); *see id.* at 63-73 (detailed description of six steps); *see also id.* at 55 & 70-71 (providing that any denial by VIVA "automatically" goes to the federal government's independent review organization).

Hence, before the sixth and final step of filing in federal court, all Medicare Advantage plans have an administrative procedure with three steps that are essentially federal government decisions.  Through the third, fourth, fifth and sixth steps of the administrative procedure for a Medicare Advantage plan, CMS regulates and controls Medicare Advantage plans and ensures that Medicare benefits are provided consistently across entities and regions.  Public policy necessitates that the six step Complaint procedure be mandatory and that any lawsuit brought after exhaustion "shall be brought" in federal court.

Through this elaborate remedial scheme for review of Medicare benefit decisions, Congress clearly intended that these administrative procedures ending with § 405(g) would supersede other mechanisms for challenging those decisions. *Bodimetric Health Servs., Inc. v. Aetna Life & Cas.,* 903 F.2d 480, 487-88 (7th Cir. 1990).  A plaintiff cannot avoid the Medicare Act's exclusive mechanism for challenging coverage decisions "simply by styling its attack as a claim for collateral damages instead of a challenge to the underlying denial of benefits." *Id.* at 487.  "If litigants who have been denied benefits could routinely obtain judicial

review of these decisions by recharacterizing their claims under state and federal causes of action, the Medicare Act's goal of limited judicial review for a substantial number of claims would be severely undermined." *Id.*

In the *Bolden* Order, the court does not discuss a claim for Medicare benefits[1] and does not analyze § 405(g). Moreover, the *Bolden* court noted "that, in the absence of a federal remedy, there is no federal jurisdiction grant in Part C of the Medicare Act that is at all similar to that found in the LMRA or ERISA." *Bolden* Order at 17. However, Congress did provide such an express grant of federal jurisdiction in Part C of the Medicare Act for all claims for Medicare Advantage plan benefits. 42 U.S.C. 1395w-22(g)(5) ("An enrollee with a Medicare [Advantage plan] . . . shall . . . be entitled to judicial review of the Secretary's final decision as provided in section 405(g) of this title.").

Therefore, the holding in *Bolden* either (1) is correct due to the plaintiffs' claims' not being claims for Medicare benefits or (2) is incorrect due to the *Bolden* court's not understanding that § 405(g) provides the exclusive judicial remedy for Medicare Advantage plan claimants, who must first exhaust five steps of the Complaint procedure before proceeding to the sixth step of filing in ***federal court***.

---

[1] In contrast, in *Dial v. HealthSpring of Alabama, Inc.*, 501 F. Supp. 2d 1348, 1354 (S.D. Ala. 2007), "a coverage issue appear[ed] to be presented" in the plaintiff's Counts II, III, and IV. *See id.* at 1359 ("[T]hese claims result from a failure to pay benefits . . . and thus establish federal question jurisdiction.); *see also id.* at 1357-58 (discussing the Medicare required Complaint procedure).

### III.    CONCLUSION

Nothing in the *Bolden* Order changes this Court's federal removal jurisdiction of this action under *Grable & Sons* and under § 405(g) complete preemption.

/s/ James S. Christie, Jr.
———————————————————
James S. Christie, Jr. (CHR011)
Amelia T. Driscoll (DRI016)
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

Attorneys for Defendant
VIVA Health Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> L. Cooper Rutland, Jr.
> Rutland Law Firm, L.L.C.
> 208 North Prairie Street
> Post Office Box 551
> Union Springs, Alabama  36089
> 334-738-4770
> lcrj@ustconline.net

and hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> None

/s/ James S. Christie, Jr.
One of the Attorneys for
Defendant VIVA Health, Inc.